**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| M.G., as Parent and Next Friend of D.G., a Minor, and<br><br>        Plaintiffs,<br><br>vs.<br><br>CAMP WOOD YOUNG MEN'S CHRISTIAN ASSOCIATION (a/k/a "Camp Wood YMCA"),<br>Serve:  Kenneth Wold<br>        Route 1, Box 78<br>        Elmdale, KS 66850<br><br>CAMP LEADERS USA,<br>Serve: 1200 High Ridge Road<br>        Stamford, CT 06905<br><br>SMALLER EARTH, INC.,<br>Serve: Corporation Trust Company<br>        Corporation Trust Center<br>        1209 Orange Street<br>        Wilmington, DE    19801<br><br>JACOB M. WARD, individual<br>Serve: Via Hague Convention:<br>        6a Hyde View Road<br>        Harpenden<br>        Hertfordshire<br>        United Kingdom<br>        AL5 4NZ<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

Plaintiff D.G., through her attorneys of record, and through her Next Friend and Natural Mother, M.G., states and alleges the following in support of the Complaint for Damages against Defendants:

**PLAINTIFF**

1.      Plaintiff D.G. is, and at all times relevant to the allegations in this Complaint was, a minor resident of Clay County, Missouri.

2.      Plaintiff D.G. attended summer camp at Camp Wood Young Men's Christian Association ("Camp Wood YMCA") located at 1101 Camp Wood Road, Elmdale, Kansas, during the week of June 22-28, 2014.

3.      Plaintiff M.G. is the natural mother of D.G.

4.      M.G. is, and at all times relevant to the allegations in this Complaint was, an adult resident of Clay County, Missouri.

5.      M.G. is the natural mother, guardian, and next friend of D.G.

6.      As such, M.G. is the appropriate party to be appointed by the Court as Next Friend of D.G. for the purposes of pursuing the following causes of action against the above-named Defendants.

7.      The anonymity of the Plaintiff is necessary to protect the identity of minor Plaintiff D.G., but Plaintiff is agreeable to disclosing her identity to the Court subject to appropriate protective orders and/or as the Court may otherwise direct.  Plaintiff's anonymity in the pleadings will not prejudice Defendants in any way.

**DEFENDANTS**

***Defendant Camp Wood YMCA***

8.      Defendant Camp Wood Young Men's Christian Association ("Camp Wood YMCA") is a Young Men's Christian Association camp organized and existing under the laws and regulations of the State of Kansas.  Service may be had by serving registered agent Kenneth Wold at the address included above.

9.    The Young Men's Christian Association ("YMCA") is the owner and operator of Camp Wood, and of the property on which Camp Wood is situated, now and at all times relevant to this Complaint.

10.    At all times relevant hereto, Camp Wood was acting by and through its agents, servants, and/or employees, actual or ostensible, including, but not limited to Defendant Jacob M. Ward, each of whom were acting individually and within the course and scope of their employment with Camp Wood.

11.    Defendant Camp Wood is liable for its actions or inactions described herein under the principles of vicarious liability and/or respondeat superior, and under the laws of the State of Kansas.

### *Defendant Jacob M. Ward*

12.    Defendant Jacob M. Ward ("Ward") is a resident of the town of Harpenden in Hertfordshire, London, England.

13.    Defendant Ward was 18 years old at the time of the conduct at issue in this Complaint.

14.    At all times relevant to this Complaint, Defendant Ward was employed by Camp Wood YMCA, Camp Leaders USA, and/or Smaller Earth, Inc. as a lifeguard and/or camp counselor.  Defendant Ward acted individually and within the course and scope of his employment and/or agency with Camp Wood YMCA, Camp Leaders USA, and/or Smaller Earth, Inc.

15.    Camp Wood YMCA, Camp Leaders USA, and/or Smaller Earth, Inc. are liable for Defendant Ward's actions described herein under the principles of vicarious liability and/or respondent superior and the laws of the State of Kansas.

16.    At all times relevant to the allegations herein, employees of Camp Wood YMCA, Camp Leaders USA, and/or Smaller Earth, Inc., including but not limited to individual defendant Jacob Ward, were acting individually and within the course and scope of their employment, and/or their actions were expressly authorized and/or ratified by Defendants Camp Wood YMCA, Camp Leaders USA, and/or Smaller Earth, Inc.

### *Defendant Camp Leaders USA*

17.    Defendant Camp Leaders USA ("Camp Leaders") is a camp employment placement agency organized and existing under the laws and regulations of the State of Connecticut, and Camp Leaders availed itself of this Court's jurisdiction by placing Defendant Ward in employment with Camp Wood YMCA located in Chase County, Kansas, and otherwise having sufficient minimum contacts with the State of Kansas so as to confer jurisdiction on this Court.  Service may be had by serving a corporate officer at the address listed above.

18.    Camp Leaders is an employment placement agency that assists job applicants worldwide in obtaining employment at summer camps within the United States.

19.    Defendant Ward applied with or otherwise sought the assistance of Camp Leaders, a subsidiary of co-Defendant Smaller Earth, Inc., to secure employment with Camp Wood YMCA.

20.    At all times relevant hereto, Camp Leaders was acting by and through its agents, servants, and/or employees, actual or ostensible, each of whom were acting individually and within the course and scope of their employment with Camp Leaders. Defendant Camp Leaders is liable for its actions or inactions described herein under the

principles of vicarious liability and/or respondeat superior, and under the laws of the State of Kansas.

### Defendant Smaller Earth, Inc.

21.    Defendant Smaller Earth, Inc. ("Smaller Earth") is a corporation organized, existing, and registered under the laws and regulations of the State of Delaware, and availed itself of this Court's jurisdiction by placing Defendant Ward in employment with Camp Wood YMCA located in Chase County, Kansas, and otherwise by having sufficient minimum contacts with the State of Kansas so as to confer jurisdiction on this Court.  Service may be had by serving its registered agent at the address listed above.

22.    Smaller Earth, Inc. is the parent company of Camp Leaders, an employment placement agency that assistants job applicants worldwide in obtaining employment at summer camps within the United States.

23.    Defendant Ward applied with or otherwise sought the assistance of Camp Leaders, a subsidiary of Smaller Earth, to secure employment with Camp Wood YMCA.

24.    At all times relevant hereto, Smaller Earth was acting by and through its agents, servants, and/or employees, actual or ostensible, each of whom were acting individually and within the course and scope of their employment with Smaller Earth. Defendant Smaller Earth is liable for its actions or inactions described herein under the principles of vicarious liability and/or respondeat superior, and under the laws of the State of Kansas.

## JURISDICTION AND VENUE

25.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

26.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

27.    During the week of June 22-28, 2014, Plaintiff D.G. attended Camp Wood YMCA located in Elmdale, Chase County, Kansas.

28.    Plaintiff D.G. was 11 years old at the time she attended Camp Wood YMCA.

29.    Camp Wood YMCA is owned, operated, and under the supervision and authority of the Young Men's Christian Association ("YMCA").

30.    On or about the afternoon of June 26, 2014, while D.G. was among other campers participating in a zip lining activity, Defendant Ward, an adult employee, representative, and/or agent of Camp Wood YMCA, Camp Leaders, and/or Smaller Earth, and asked Plaintiff D.G. if she needed to use the restroom and offered to accompany her.  Plaintiff declined.

31.    Defendant Ward continued to speak to Plaintiff D.G. and asked if she would come help him do something.  Plaintiff D.G. agreed to assist Defendant Ward.

32.    Defendant Ward led D.G. to an outhouse on the property of Camp Wood YMCA.

33.    The outhouse was located in a remote area of Camp Wood YMCA's property, a few feet from the common walking trail.

34.     Defendant Ward forced D.G.'s left arm behind her back, as though she was being arrested.  With his other hand, Defendant Ward grabbed the back of D.G.'s hair and forced her into the outhouse.

35.     D.G. was immediately terrified.

36.     The outhouse was decrepit, hot, and foul-smelling.

37.     Defendant Ward pinned D.G. against the outhouse wall.

38.     Defendant Ward held and restrained D.G. against her will in the outhouse by pressing his forearm against her throat.

39.     D.G. attempted to scream but could not because Defendant Ward was effectively choking her with his arm against her throat.

40.     D.G. attempted to punch, kick, bite, and scratch Defendant Ward as she struggled to escape his hold.

41.     D.G. was confined and restrained in the outhouse against her will.

42.     D.G. repeatedly banged her head against the wall to make noise so that someone might hear and come to her rescue.

43.     In the outhouse, Defendant Ward verbally assaulted D.G. by referring to her by derogatory names such as "bitch," "whore," and "slut."  He also told her, "You shouldn't have ignored me."

44.     Defendant Ward fondled D.G.'s breasts.

45.     Defendant Ward pulled D.G.'s shorts/underwear to her knees, exposing her, and forced his finger(s) inside of her vagina.

46.     Defendant Ward continued to hold D.G. against her will as he lowered his pants.

47.     Defendant Ward exposed his genitalia to D.G. while in the outhouse.

48.     Defendant Ward forced D.G.'s hand on his penis, then put his own hand on top of hers to control the movement of her hand.

49.     Defendant Ward threatened D.G.'s life to prevent her from reporting his misconduct.

50.     Defendant Ward warned D.G. that he knows her address and he threatened to find her and kill her if she reported his misconduct.

51.     Defendant Ward told D.G. that no one loves or cares about her and that she should kill herself.

52.     Defendant Ward attempted to rape D.G.  She maneuvered and kicked him in the groin to prevent his advances.  Nevertheless, Defendant Ward came close enough to penetrate Plaintiff but he was unsuccessful as far as Plaintiff recalls.

53.     Plaintiff D.G. recalls that Defendant Ward suddenly pulled away from her, peered outside the outhouse to ensure no one was looking, and ran off, leaving Plaintiff alone in the outhouse.

54.     Once alone in the outhouse, D.G. lost consciousness and passed out.  Once she regained consciousness, D.G. returned to her original location.

55.     Each incident in which Defendant Ward touched, and attempted to touch, D.G., occurred at Camp Wood YMCA and on the property owned by Camp Wood YMCA.

56.     Defendant Ward's contact and attempted contact with D.G. was unwelcome, offensive, and against her will.

57.     D.G., as an attendee of Camp Wood YMCA, was subject to the authority, supervision and control of the agents, employees, and representatives of Camp Wood YMCA, including Defendant Ward.

58.     D.G. was intimidated, frightened, shocked, and confused by Defendant Ward's unwelcome words and actions directed to her.

59.     Defendant Ward forced and confined D.G. in the outhouse and abused her against her will.

60.     D.G. had no choice but to be subjected to Defendant Ward's repeated and ongoing verbal, physical, and sexual abuse.

61.     D.G. did not immediately report Defendant Ward's unlawful conduct due to fear, shame, and other psychological effects his deplorable conduct caused her.

62.     Prior to Defendant Ward's unlawful and heinous conduct, D.G. was a happy, outgoing, athletic, adventurous, fearless child.

63.     Following Defendant Ward's unlawful and heinous conduct, D.G.'s demeanor deteriorated and she became severely depressed, withdrawn, and suicidal.

64.     On or about October 27, 2014, D.G. admitted to her parents that she had been contemplating suicide for a few months.

65.     D.G.'s parents sent her to various health professionals in an attempt to determine the cause of their daughter's suffering.

66.     D.G.'s parents observed her experiencing psychotic episodes in the months following her return from Camp Wood YMCA, which they now understand to have arisen out of Defendant Ward's sexual assault of D.G.

67.     During one of D.G.'s episodes in mid-April 2015, D.G. disclosed to her parents, for the first time, that she was harmed at Camp Wood YMCA.

68.     Several weeks passed before D.G. was able to disclose all of the details of Defendant Ward's abuse to her parents.

69.    Once D.G.'s parents became aware of the details of Defendant Ward's abuse, D.G.'s mother, M.G., reported the abuse to local law enforcement.

70.    Since Defendant Ward's abuse of D.G., D.G. has exhibited various emotions as a result thereof including, but not limited to: anger, sadness, withdrawal from loved ones, fear, psychotic episodes, suicidal thoughts, and lack of desire to engage in several activities which she previously enjoyed.

71.    As a result of the abuse D.G. suffered at the hands of Defendant Ward and while on the property of Camp Wood YMCA, and under the supervision and control of Camp Wood YMCA, D.G. has suffered severe emotional distress which has manifested itself in ways including but not limited to mental anguish, shame, anxiety, fear, depression, humiliation, psychotic episodes, and other manifestations.

72.    Camp Wood YMCA knew, or through reasonable investigation should have known, of Defendant Ward's propensity for verbally, physically, and/or sexually abusing a minor like D.G., and therefore was negligent in hiring him and otherwise enabling him to be in a position of power, supervision, control, and authority over minors including D.G.

73.    Defendant Smaller Earth knew, or through reasonable investigation should have known, of Defendant Ward's propensity for verbally, physically, and/or sexually abusing a minor like D.G., and therefore was negligent in hiring him, and otherwise enabling him to be in a position of power, supervision, control, and authority over minors including D.G.

74.    Defendant Camp Leaders knew, or through reasonable investigation should have known, of Defendant Ward's propensity for verbally, physically, and/or sexually abusing a minor like D.G., and therefore was negligent in hiring him, and

otherwise enabling him to be in a position of power, supervision, control, and authority over minors including D.G.

75.     Camp Wood YMCA enabled Defendant Ward to abuse D.G. by failing to create, implement, and/or enforce a policy preventing one-on-one interactions between Camp Wood YMCA employees and agents, including Jacob Ward, and camp attendees such as D.G.

76.     Camp Wood YMCA acted negligently by failing to properly supervise its employees and agents, including Defendant Ward, thereby enabling Defendant Ward to be alone with D.G. and subject her to abuse.

77.     Camp Wood YMCA acted negligently by maintaining the remote and abandoned outhouse on its property which afforded Defendant Ward a secluded place in which to abuse D.G.

78.     As an attendee of Camp Wood YMCA, D.G. was entitled to a fiduciary duty from each person who held a position of power, control, and/or authority over her.

79.     Camp Wood YMCA owed D.G. a fiduciary duty to protect her from unreasonable risk of harm while under the care, custody, control, and supervision of Camp Wood YMCA.

80.     Smaller Earth owed D.G. a fiduciary duty to protect her from unreasonable risk of harm while under the care, custody, control, and supervision of Camp Wood YMCA employees placed by Smaller Earth.

81.     Camp Leaders owed D.G. a fiduciary duty to protect her from unreasonable risk of harm while under the care, custody, control, and supervision of Camp Wood YMCA employees placed by Camp Leaders.

82.    Defendant Ward, as a Camp Wood YMCA lifeguard and/or camp counselor, and as an employee of Camp Wood YMCA, Smaller Earth, and/or Camp Leaders, owed D.G. a fiduciary duty to protect her from unreasonable risk of harm while under his care, custody, control, and supervision at Camp Wood YMCA.

83.    Each Defendant had a fiduciary duty, to the attendees of Camp Wood YMCA in their custody, care, and/or control, and specifically to D.G., to protect such attendees from abuse or other injury while in their custody and care as an attendee of Camp Wood YMCA.

**COUNT I**
**Negligent Supervision**
**(Against Camp Wood YMCA)**

84.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

85.    As an attendee of Camp Wood YMCA, D.G. was under the custody and control of Camp Wood YMCA, including its agents, servants, and employees, actual or ostensible.

86.    Defendant Jacob Ward, who abused D.G., was an agent, employee, and/or servant of Camp Wood YMCA at the time he assaulted and abused D.G.

87.    At all times in which D.G. attended Camp Wood YMCA, Camp Wood YMCA had a duty to possess and use the same degree of care ordinarily used by reasonable and/or careful camp organizations, to properly supervise its employees and agents and to protect D.G. from foreseeable and unreasonable risks of harm posed by agents, employees, and servants of Camp Wood YMCA, including Defendant Ward.

88.    At the time of and leading up to the misconduct alleged herein, Defendant Camp Wood YMCA could have reasonably foreseen that D.G.'s injuries might occur under the circumstances because:

a. Defendant Camp Wood YMCA maintained a remote and abandoned outhouse on its property which afforded Camp Wood YMCA employees, including Defendant Ward, a secluded place in which to abuse YMCA camp attendees, including D.G.;

b. Defendant Camp Wood YMCA knew or should have known to prohibit one-on-one interactions between camp employees such as Defendant Ward and camp attendees such as D.G.;

c. Defendant Camp Wood YMCA knew or should have known of Defendant Ward's propensity to verbally, physically, and/or sexually assault and abuse minors such as D.G.; and

d. Defendant Camp Wood YMCA had or should have had additional relevant knowledge currently unknown to Plaintiff.

89.    Despite having the above-described knowledge, Defendant Camp Wood YMCA completely failed to protect D.G. from Defendant Ward's assault and abuse.

90.    Defendant Camp Wood YMCA breached its duty to properly supervise its agents and employees and to intervene effectively to prevent or stop the abuse D.G. suffered at the hands of Defendant Ward, in ways including but not limited to:

e. Failing to properly monitor and supervise the campgrounds and camp activities to prevent sexual abuse;

f. Failing to prevent one-on-one interactions between camp staff and minors, to prevent sexual abuse;

g.  Failing to ensure that D.G. was provided a safe camp environment free from abuse and misconduct;

h.  Maintaining a remote and abandoned outhouse on its property which afforded Camp Wood YMCA employees such as Defendant Ward a secluded place in which to abuse YMCA camp attendees such as D.G.;

i.  Committing acts and omissions that encouraged and enabled Defendant Ward's abuse of D.G.;

j.  Failing to implement measures to prevent sexual abuse, even though such measures and the need for such measures have been widely known among camp organizations for decades and successfully implemented in other camp organizations across the United States; and

k.  Committing other acts and omissions currently unknown to Plaintiff.

91.    As a direct and proximate result of Defendant's negligence and failure to supervise and control the conduct of Defendant Ward, D.G. was exposed to foreseeable and known risks of severe physical and emotional injury and was injured physically and emotionally.

92.    D.G. has incurred and will incur necessary and reasonable medical expenses, has suffered and will continue to suffer physical pain and mental anguish, and has experienced economic hardship, all as a direct and proximate result of Defendant's negligence.

93.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendants, to punish and to deter Defendant and others from engaging in like conduct in the future.

94.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of the Camp Wood YMCA, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Camp Wood YMCA, and/or their actions were ratified by Camp Wood YMCA, thereby making Defendants Camp Wood YMCA vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT II
## Negligent Hiring
## (Against Defendant Camp Wood YMCA)

95.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

96.    Defendant hired Ward as a camp counselor and/or lifeguard at Camp Wood YMCA.

97.    Defendant has a duty when hiring employees to exercise the care used by reasonable and/or careful camp organizations to assess a camp counselor's and/or lifeguard's suitability for his position, including but not limited to, conducting an appropriate background investigation, and collecting, investigating, and responding to any complaints about the employee.

98.    A reasonable and careful camp organization would have recognized that a camp counselor/lifeguard with Defendant Ward's sexually abusive propensities poses a danger to its campers, and would not have hired Defendant Ward, and would have otherwise protected against the danger he posed to camp attendees.

99.    Defendant was negligent in hiring Defendant Ward after Defendant discovered or reasonably should have discovered Defendant Ward's history or on-the-job conduct reflected a propensity for sexual misconduct.

100.    Defendant's negligence in the hiring of Defendant Ward created a foreseeable risk of harm to campers under Defendant Ward's care and supervision, including D.G.

101.    As a direct and proximate cause of Defendant's negligent hiring, Plaintiff suffered injuries and damages as outlined above.

102.    By reason of the foregoing, D.G. has been damaged and is entitled to fair and reasonable compensation.

103.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendant, to punish and to deter Defendant and others from engaging in like conduct in the future.

104.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Camp Wood YMCA and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Camp Wood YMCA, and/or their actions were ratified by Camp Wood YMCA, making Camp Wood YMCA vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT III
## Negligent Hiring
## (Against Defendants Camp Leaders and Smaller Earth)

105.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

106.    Defendants hired Defendant Ward as a camp counselor and/or lifeguard to be placed at Camp Wood YMCA.

107.    Defendants have a duty when hiring employees to exercise the care used by reasonable and/or careful placement agencies to assess a camp counselor's and/or lifeguard's suitability for his position, including but not limited to, conducting an appropriate background investigation, and collecting, investigating, and responding to any complaints about the employee.

108.    A reasonable and careful placement agency would have recognized that a camp counselor/lifeguard with Defendant Ward's sexually abusive propensities poses a danger to camp attendees, and would not have secured Defendant Ward's employment and placement, or would have otherwise protected against the danger he posed to camp attendees.

109.    Defendants were negligent in hiring and placing Defendant Ward after Defendants discovered or reasonably should have discovered Defendant Ward's history or on-the-job conduct reflected a propensity for sexual misconduct.

110.    Defendants' negligence in hiring and placing Defendant Ward created a foreseeable risk of harm to campers under Defendant Ward's care and supervision, including D.G.

111.    As a direct and proximate cause of Defendants' negligent hiring and placement of Defendant Ward, Plaintiff suffered injuries and damages as outlined above.

112.    By reason of the foregoing, D.G. has been damaged and is entitled to fair and reasonable compensation.

113.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendants, to punish and to deter Defendants and others from engaging in like conduct in the future.

114.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Defendants Smaller Earth and/or Camp Leaders, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Smaller Earth and/or Camp Leaders, and/or their actions were ratified by Smaller Earth and/or Camp Leaders, making Smaller Earth and/or Camp Leaders vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of $75,000.00 each, together with costs of suit and such other relief the Court deems just and proper.

## COUNT IV
## Negligence
## (Against Camp Wood YMCA)

115.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

116.    Defendant breached its duties owed to D.G., and committed negligent and tortious acts against D.G., as previously specifically alleged herein, and as further alleged in Counts I and II.

117.    As a direct and proximate result of Defendant's negligence, Defendant injured D.G. as previously specifically alleged herein.

118.    D.G. suffered damages as a result of Defendant's negligence as previously specifically alleged herein.

119.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendant, to punish and deter Defendant and others from engaging in like conduct in the future.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT V
## Negligence
## (Against Camp Leaders)

120.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

121.    Defendant breached its duties owed to D.G., and committed negligent and tortious acts against D.G., as previously specifically alleged herein, and as further alleged in Count III.

122.    As a direct and proximate result of Defendant's negligence, Defendant injured D.G. as previously specifically alleged herein.

123.    D.G. suffered damages as a result of Defendant's negligence as previously specifically alleged herein.

124.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendant, to punish and deter Defendant and others from engaging in like conduct in the future.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT VI
## Negligence
## (Against Smaller Earth)

125.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

126.    Defendant breached its duties owed to D.G., and committed negligent and tortious acts against D.G., as previously specifically alleged herein, and as further alleged in Count III.

127.    As a direct and proximate result of Defendant's negligence, Defendant injured D.G. as previously specifically alleged herein.

128.  D.G. suffered damages as a result of Defendant's negligence as previously specifically alleged herein.

129.  The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendant, to punish and deter Defendant and others from engaging in like conduct in the future.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT VII
### Battery
### (Against Defendant Ward)

130.  Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

131.  While Plaintiff attended Camp Wood YMCA, Defendant Ward intentionally touched Plaintiff in an offensive and abusive manner as previously specifically alleged herein.

132.  Defendant Ward's contacts with Plaintiff's person described herein were done in an offensive, intimidating, threatening, and abusive manner.

133.  As a direct and proximate result of Defendant Ward's acts, Plaintiff has suffered severe emotional distress which has manifested itself in ways including but not limited to mental anguish, shame, anxiety, fear, depression, humiliation, psychotic episodes, and other manifestations.

134.  Defendant Ward's conduct showed a complete indifference to, and a conscious disregard for the health and safety of Plaintiff.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendant in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT VIII
## False Imprisonment
## (Against Defendant Ward)

135.    Plaintiff incorporates each and every other allegation made within this Petition by reference as though fully stated herein.

136.    While Plaintiff attended Camp Wood YMCA, Defendant Ward physically restrained Plaintiff against her will in an outhouse on the property of Camp Wood YMCA, as previously specifically alleged herein.

137.    Defendant Ward had no legal excuse for restraining Plaintiff.

138.    Defendant Ward's restraint of Plaintiff against her will caused Plaintiff fright, nervousness, and mental anguish.

139.    Defendant Ward's restraint of Plaintiff was willful and done out of malice and/or reckless disregard for Plaintiff and Plaintiff's rights and safety.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendants in an amount in excess of $75,000.00, together with costs of suit and such other relief the Court deems just and proper.

## COUNT IX
## Outrage
## (Against All Defendants)

140.    Plaintiff D.G. incorporates by reference each and every preceding paragraph as though fully set forth herein.

141.    Defendants' conduct alleged herein was intentionally and/or negligently, or recklessly, inflicted upon Plaintiff D.G.

142.   Defendants' conduct alleged herein was extreme and outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

143.   Defendants' conduct alleged herein caused severe emotional distress to Plaintiff.

144.   As a result of the conduct alleged herein, Plaintiff sustained damages including but not limited to severe emotional distress which has manifested itself in ways including but not limited to mental anguish, shame, anxiety, fear, depression, humiliation, psychotic episodes, and other manifestations.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of $75,000.00 each, together with costs of suit and such other relief the Court deems just and proper.

## COUNT X
## Negligent Infliction of Emotional Distress
## (Against Defendants Camp Wood, Camp Leaders, and Smaller Earth)

145.   Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

146.   Defendants breached the duties they owed D.G., as previously specifically alleged herein, and as further alleged in Count XI.

147.   Defendants placed D.G. under the care of Defendant Ward as a lifeguard and/or camp counselor, thereby subjecting D.G. to Defendant Ward's authority, supervision, and control.

148.    Defendant Camp Wood YMCA failed to adequately supervise Defendant Ward, as previously specifically alleged herein, including in Count I.

149.    Defendants should have realized that placing D.G. in Defendant Ward's custody and control and failing to thereafter supervise or control the conduct of Defendant Ward involved an unreasonable risk of causing emotional distress, because Defendants knew or should have known of Defendant Wards propensity for sexual misconduct as alleged herein, including in Counts II and III.

150.    As a direct and proximate result of Defendants' negligence and carelessness, D.G. suffered medically diagnosable and medically significant emotional distress.

151.    D.G. has incurred damages as the result of Defendants' negligence.

152.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of D.G., and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

153.    At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Camp Wood YMCA, Camp Leaders, and/or Smaller Earth, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Camp Wood YMCA, Camp Leaders, and/or Smaller Earth, and/or their actions were ratified by Camp Wood YMCA, Camp Leaders, and/or Smaller Earth making the Camp Wood YMCA, Camp Leaders and/or Smaller Earth vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of $75,000.00 each, together with costs of suit and such other relief the Court deems just and proper.

**COUNT XI**
**Breach of Fiduciary Duty**
**(Against Defendants Camp Wood, Camp Leaders, and Smaller Earth)**

154.   Plaintiff D.G. incorporates by reference each and every preceding paragraph as though fully set forth herein.

155.   A fiduciary relationship existed between Plaintiff and Defendants as previously specifically alleged herein.

156.   Plaintiff, as an attendee of Camp Wood YMCA, placed special trust and confidence in Defendants.

157.   Defendants had the duty to act in good faith and with due regard to the interests of Plaintiff.

158.   Defendant breached their duties to Plaintiff as previously specifically alleged herein, including but not limited to in one or more of the following manners:

  a.  Negligently hiring and/or placing Defendant Ward in employment at YMCA Camp Wood without reasonably and properly assessing his suitability for the position of lifeguard and/or camp counselor, or conducting an appropriate background investigation, or collecting, investigating, and responding to any complaints about the employee;

  b.  Failing to properly monitor and supervise the campgrounds and camp activities to prevent sexual abuse;

25

c.  Failing to prevent one-on-one interactions between camp staff and minors, to prevent sexual abuse;

d.  Failing to ensure that D.G. was provided a safe camp environment free from abuse and misconduct;

e.  Maintaining a remote and abandoned outhouse on its property which afforded Camp Wood YMCA employees such as Defendant Ward a secluded place in which to abuse YMCA camp attendees such as D.G.;

f.  Committing acts and omissions that encouraged and enabled Defendant Ward's abuse of D.G.;

g.  Failing to implement measures to prevent sexual abuse, even though such measures and the need for such measures have been widely known among camp organizations for decades and successfully implemented in other camp organizations across the United States; and

h.  Committing other acts and omissions currently unknown to Plaintiff.

159.  The actions and conduct of Defendants set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

160.  As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff sustained damages including but not limited to severe emotional distress which has manifested itself in ways including but not limited to mental anguish, shame, anxiety, fear, depression, humiliation, psychotic episodes, and other manifestations.

WHEREFORE Plaintiff D.G. demands an award of compensatory and punitive damages against Defendants, jointly and severally, in an amount in excess of

$75,000.00 each, together with costs of suit and such other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues pursuant to FRCP Rule 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

Respectfully submitted,

HOLMAN SCHIAVONE, LLC

By: _/s/ Anne Schiavone_
    Anne Schiavone, KS Bar# 19669
    Kathleen M. Dunnegan, KS Bar# 25362
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    aschiavone@hslawllc.com
    kdunnegan@hslawllc.com

    ATTORNEYS FOR PLAINTIFF

27