**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **M. G., *as parent and next friend of minor*, D. G.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-2275-JAR-GEB** |
| | ) | |
| **CAMP WOOD YOUNG MEN'S CHRISTIAN ASSOCIATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Amend Scheduling Order (**ECF No. 118**). On May 29, 2018, the Court convened a conference to address the pending motion. Plaintiff appeared through counsel, Michael J. Kuckelman and Michael T. Crabb. Defendant Camp Wood Young Men's Christian Association a/k/a/ Camp Wood YMCA appeared through counsel, Lee M. Baty and Matthew Westering. Defendant Jacob Ward appeared through counsel, Randy P. Scheer and Jana V. Richards. After consideration of all briefing related to the motion, hearing arguments of counsel and discussing the same, the Court **GRANTED P**laintiff's motion in part and **DENIED** Plaintiff's motion in part. The previously-announced ruling of the Court is now memorialized below.

## I. Background

### A. Nature of the Case

This matter arises from claims of sexual abuse of a minor at YMCA Camp Wood by defendant Jacob Ward. The case was originally filed on April 29, 2016 against defendants Camp Wood, Camp Leaders USA, Smaller Earth, and Jacob Ward. According to Plaintiff's Rule 26 Disclosures, she claims damages in excess of 1.8 million dollars. The initial Scheduling Order entered on April 4, 2017 was either revised or the deadlines contained therein were extended several times for good cause and at the request of the parties at different times. Plaintiff now seeks approval from the Court to amend the current Scheduling Order, yet another time, to which Defendants object.

### B. Procedural Posture

From a procedural standpoint, the case is over 24 months old, but it has not been without discovery disputes, some of which were resolved by the parties, and some with Court assistance. Following exchange of documents identified in the parties Rule 26 disclosures, extensive pre-scheduling briefing on two Defendants' Motions to Dismiss, and the Court's Memorandum and Order dismissing defendants Smaller Earth and Camp Leaders USA from the case (ECF No. 70), an initial scheduling order was entered on April 4, 2017 (ECF No. 73). Having conducted minimal written discovery, three and a half months later on July 21, 2017, Plaintiff formally designated one expert (ECF No. 81). The docket does not reflect notice of any depositions having occurred or noticed prior to Plaintiff's expert designation.

The Scheduling Order was revised at defendant Jacob Ward's request on September 1, 2017 (ECF Nos. 86, 90), and the parties unsuccessfully mediated the case on September 20, 2017 (ECF No. 89). In October and November 2017, YMCA Camp Wood requested, and was twice granted, an extension of their Rule 35 exam and expert deadlines (ECF Nos. 90, 96, 99, 100).

The parties continued to engage in discovery, and on January 8, 2018, defendant YMCA Camp Wood certified designation of its expert disclosures (ECF No. 104). By joint request, the Scheduling Order was revised again on February 7, 2018, extending most importantly, the discovery deadline to May 18, 2018 (ECF No. 106).

With discovery ongoing, Plaintiff substituted counsel on April 4, 2018 (ECF No. 107). Additional written discovery was propounded, and on April 19, 2018, defendant Jacob Ward was noticed up for deposition on May 8, 2018 (ECF No. 112). On May 2, 2018, additional attorneys were added to the case on behalf of defendant Jacob Ward, while two others withdrew from representation (ECF Nos. 113-115). On May 18, 2018, after conferring with Defendants, Plaintiff sought amendment of the current Scheduling Order (ECF No. 118), in large part to designate an additional expert out of time. Defendants objected, and the subject motion ensued.

## II. Motion to Amend Scheduling Order (ECF No. 118)

### A. Duty to Confer

As a threshold matter, the Court first considers whether the parties have sufficiently conferred regarding this discovery motion, as generally required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1). In the briefing, it appears the parties had sufficient discussions

regarding revision of the Scheduling Order, and, during oral argument, counsel for Plaintiff and both Defendants referenced an amiable working relationship with each other. As such the Court is satisfied counsel have adequately conferred as required.

**B. Legal Standard**

Defendants correctly assert the standard justifying an extension of expert disclosure deadlines out of time is well established. Fed. R. Civ. P. 6(b)(1)(B) provides in pertinent part, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Similarly, D. Kan. Rule 6.1 specifies that the court will not grant extensions sought after the specified time expires "absent a showing of excusable neglect."

"It is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[1] The court generally considers four factors when determining whether a party's actions establish excusable neglect, including: 1) the danger of prejudice to the opposing party; 2) the length of delay caused by the neglect and its impact on judicial proceedings; 3) the reason for delay and whether it was in the reasonable control of the moving party; and 4) the existence of good faith on the part of the moving party.[2] Normally, the reason

---

[1] *ClaimSolution, Inc. v. Claim Solutions, L.L.C.*, No. 17-2005-JWL-GEB, 2017 WL 2225225 (D. Kan. May 22, 2017) (citing *Alsbrooks v. Collecto, Inc.*, No. 10-2271-JTM, 2010 WL 4067145, at *1 (D. Kan. Oct. 15, 2010).

[2] *Id.* at *2 (citing *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09–2591, 2010 WL 1881058, at *2 (D. Kan. May 10, 2010)) (citing *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. Appx. 789, 798 (10th Cir. 2008).

for a delay is of utmost importance, "if not the most important factor" in the court's analysis.[3] The decision to permit a late filing, or in this case, a late designation of experts, lies within the court's discretion,[4] and preferably, such decisions should be based upon the merits, and not on technicalities.[5]

In addition to the requirement that an untimely request for extension must meet the standard of excusable neglect, under Fed. R. Civ. P. 16(b)(4), modification to the schedule of a case may only occur upon a showing of "good cause and with the judge's consent." "To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence."[6] "This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.'"[7]

**C. Discussion**

On review of the reasons articulated in Plaintiff's motion, and although the exact words were not expressly stated, this Court views Plaintiff's request for a revision of the Scheduling Order to be based largely on her need to disclose additional experts, because

[3] *Id.* (citing *Scott*, 2010 WL 1881058, at *2) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004))

[4] *Id.* (citing *Brooke Credit Corp. v. Lobell Ins. Servs., LCC*, No. 06-2577-CM, 2008 WL 717964, at *1 (D. Kan. Mar. 14, 2008) (citing *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995)) (other internal citations omitted).

[5] *See id.* (citing *Cochran v. Shri Ambaji Corp.*, No. 14-2491-EFM-KMH, 2015 WL 2114025, at *4 n. 28 (D. Kan. May 6, 2015)).

[6] *Kester v. Rieck*, 2017 U.S. Dist. LEXIS 185820, *4-5 (citing *Parker v. Central Kansas Medical Center*, 178 F. Supp. 2d 1205, 1210 (D. Kan. 2001); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993)).

[7] *Id*. (citing *Greig v. Botros*, No. 08-1181-EFM-KGG, 2010 U.S. Dist. LEXIS 84265, 2010 WL 3270102, at *3 (D. Kan. Aug. 12, 2010) (citing *In re Daviscourt*, 353 B.R. 674, (B.A.P. 10th Cir. 2006) (other internal citations omitted)).

the case lacked adequate preparation and meaningful discovery by Plaintiff's prior counsel. As such, the Court interprets Plaintiff's reason for an extension to be due to excusable neglect.

Defendants object, contending Plaintiff is merely seeking a lost opportunity to disclose adequate experts to strengthen her case as to liability and damages. Defendants also argue they will suffer extreme prejudice as to cost, and by having to conduct another Rule 35 examination and retain additional experts should the Court permit the extension. Defendants argue Plaintiff failed to establish good faith, and therefore failed to establish excusable neglect.

With these arguments in mind, the Court reviews the factors outlined above to examine whether Plaintiff has shown excusable neglect.

**1. Prejudice to Defendants**

Plaintiff acknowledges there is some prejudice to Defendants. But, Plaintiff contends very little discovery occurred with her prior counsel before designating her current expert (a psychologist). Having new counsel only recently entered into the case, meaningful discovery would need to occur, which is already in process, before a qualified expert such as a psychiatrist can and should be designated. Plaintiff also argues no damages expert such as a life care planner was designated, and in essence the case was not adequately worked up, to her detriment, before designating an expert, an act which is extremely germane in cases of this magnitude.

Defendants argue they will suffer prejudice if Plaintiff is permitted to designate additional expert witnesses, and Plaintiff is simply shopping around for an expert who will

provide more favorable opinions to bolster her case. Defendants further argue they may, in return, need to designate additional experts which will substantially delay the trial.

The Court acknowledges prejudice would occur to the parties whether or not Plaintiff is permitted to designate additional experts. If not permitted to do so, Plaintiff will suffer prejudice because prior counsel did not identify a qualified expert to testify at trial, and she would be at an extreme disadvantage at trial for having to capitulate to the actions of prior counsel. In the event the extension is granted, Defendants are prejudiced due to additional costs they could incur for having to designate additional experts to rebut Plaintiff's newly-designated experts. Because both sides stand to be prejudiced, none greater than the other, the Court places acknowledgement of this factor in favor of both parties.

**2. Length of Delay and Impact on Judicial Proceedings**

Plaintiff proposes to amend the schedule to close discovery six months from now. This is a substantial change to the schedule and clearly bears a negative impact on the judicial proceedings and for the parties themselves. Defendants argue Plaintiff waited 301 days before seeking to extend her expert deadline, and now asks to extend that deadline 343 days beyond her due date to June 29, 2018.

But Defendants' argument is, as a practical matter, misleading. Substitute counsel for Plaintiff entered into the case on April 4, 2018. Fifty-four days later—and following some meaningful discovery, including some, but not all, party depositions—Plaintiff requested amendment of the Scheduling Order for time to designate an expert qualified to give opinions consistent with the needs of the case. This is the typical sequence in such

civil matters, particularly where claimed damages exceed one million dollars. While Defendants are correct that over 300 days have passed since Plaintiff's lone expert was designated, they ignore the fact that the psychologist expert was designated before substantial discovery could occur. Nevertheless, Plaintiff's proposed amended schedule, with its considerable length of delay, is unacceptable to the Court as it stands. Therefore, this factor weighs in favor of Defendants.

### 3. Reason for the Delay and Whether It Was Within Plaintiff's Control

As previously stated, the reason for delay bears utmost importance in determining excusable neglect. Plaintiff argues, in essence, although an expert was designated within the original deadline of the initial Scheduling Order, the case was not adequately prepared for such an ill-advised designation. Plaintiff contends she should not be responsible for the inadequacies and lack of appreciation, by her prior counsel, of the magnitude of this case. Plaintiff further argues over two years after the case was filed, and well after Camp Wood YMCA filed its initial disclosures, discovery revealed the existence of additional insurance coverage such that initially Defendants disclosed only 20% of its available insurance coverage, rather than the coverage amount as required by Rule 26(a)(1)(A)(iv). As a result, Plaintiff contends Defendants' lack of disclosure hampered development of the case, and because the parties engaged in mediation prior to this discovery, meaningful alternative dispute resolution was also hindered.

Defendants, on the other hand, maintain Plaintiff offers no reason why she needs to designate additional experts, and the fact that Plaintiff and her new counsel desire to change

tactics and attempt to bolster her claimed damages is not reason enough to establish excusable neglect.

The Court does not view Plaintiff's request, and the underlying reason for the request, as merely tactical. When each party brings its case to trial, it should be on an even playing field. Each party should have a reasonable opportunity to prepare its case in the manner which it requires. Having the opportunity to engage in meaningful discovery prior to and after the designation of appropriate experts is crucial to a case. In addition, disclosure of accurate insurance coverage prior to engaging in meaningful mediation is only fair. Neither party, understandably so, disclosed the reason for such blatant deficiencies by Plaintiff's prior counsel, and this Court will not assume any such reason. But, if prior counsel were making this request, this opinion would read quite differently. In addition, the Court can consider the sequence of events within this case and determine current counsel had no control over events occurring prior to entering into the case, and will weigh this most important factor in Plaintiff's favor.

**4. Whether Movant Acted in Good Faith**

Defendants argue Plaintiff had multiple occasions to raise any issues with her designated expert, and points to two occasions where the parties consented to extensions of Defendants' expert deadlines and Rule 35 exams. But, the actions referred to by Defendants occurred before Plaintiff engaged substitute counsel, and was still under the deficiencies of prior counsel. In the Court's view, Plaintiff filed her motion to amend the Scheduling Order within a reasonable time after new counsel's appearance into the case,

and despite Defendants' arguments that Plaintiff is expert shopping, the Court does not view Plaintiff's request as lacking good faith.

**D. Conclusion**

Weighing all the above factors, the Court in its discretion finds Plaintiff's failure to designate a qualified expert prior to conducting sufficient discovery, at the hands of her prior counsel, amounts to good cause for seeking modifications to the schedule, and excusable neglect for failing to do so prior to the expirations of the established deadlines. And, because the Court prefers this case to proceed on its full merits, Plaintiff's request to amend the current scheduling order will be permitted. However, in an effort to cure any prejudice to Defendants and to minimize the impact of the delay to the parties, particularly the Defendants, the Court will: 1) impose costs to Plaintiff for the depositions and deposition transcripts, if applicable, of any additional expert(s) so designated; and 2) decline to adopt the lengthy deadlines proposed by Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Scheduling Order (**ECF No. 118**) is **GRANTED** in part and **DENIED** in part as set forth above. The Court establishes the following deadlines:

Plaintiff's experts disclosed and deposed by Defendants: June 29, 2018
(costs of depositions and deposition transcripts to be borne by Plaintiff)

Defendants' experts disclosed and deposed by Plaintiff: August 29, 2018

No rebuttal experts permitted

All discovery completed: August 31, 2018

Pretrial Order due: September 7, 2018

| | |
|---|---|
| Pretrial conference: | September 14, 2018 |
| Dispositive motion deadline: | September 28, 2018 |
| Jury Trial: | May 14, 2019 |

No amendments to this schedule will be permitted without Court approval on a showing of good cause.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 31st day of May, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge